# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL24001669-00

HENRICO ............................................................................................................... Circuit Court

4309 E. PARHAM ROAD, RICHMOND 23228-
ADDRESS

TO:

CARRINGTON MORTGAGE SERVICES,, CT CORP:ORATION SYSTEM

47-1 COX RD, GLEN ALLEN VA

4701 COX ROAD

GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MARCH 11, 2024              BARSHINGER, HEIDI S                                       Clerk
DATE

by  /S/ GAYNESS, BRITTANY
DEPUTY CLERK

Instructions:

Hearing Official: ...................................................................

FORM CC-1400 MASTER 10/13

## COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. .................................................
(CLERK'S OFFICE USE ONLY)

County of Henrico ........................... Circuit Court

Thomas . M. Palumbo      v./In re:      Carrington Mortgage Services, LLC
**PLAINTIFF(S)**                              **DEFENDANT(S)**

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

**MISCELLANEOUS**
[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[X] Other (please specify) Breach  Fair Debt Collection Act

[ ] Damages in the amount of $ 551,000.00 are claimed.

DATE: 2-22-24

[ ] PLAINTIFF   [ ] DEFENDANT   [X] ATTORNEY FOR   [X] PLAINTIFF [ ] DEFENDANT

Henry W. McLaughlin (VSB No. 07105)
**PRINT NAME**
Law Office of Henry McLaughlin, P.C
**ADDRESS/TELEPHONE NUMBER OF SIGNATOR**
707 East Main Street, Ste 1050, Richmond, VA 23219; (804) 2-5-9020
henry@mclaughlin
**EMAIL ADDRESS OF SIGNATOR (OPTIONAL)**

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 02/23

VIRGINIA:

IN THE CIRCUIT COURT FOR COUNTY OF HENRICO COUNTY
Civil Division
2309 East Parham Road
Henrico, Virginia 23279-7500

THOMAS M. PALUMBO,

           Plaintiff,

v.                                               Case No. 24 - 1669

CARRINGTON MORTGAGE SERVICES, LLC
Please Serve:
CT Corporation System
4701 Cox Road
Glen Allen, Virginia 23060-6808
Registered Agent,

           Defendant.

## COMPLAINT

Thomas M. Palumbo ("Palumbo"), by counsel, sets forth the following to the Court:

### Parties

1. Palumbo is a natural person who resides in the Commonwealth of Virginia.

2. Carrington Mortgage Services, LLC ("Carrington Mortgage") is a limited liability company doing business in the Commonwealth of Virginia.

### Facts

3. Palumbo owns his home ("the home") located at located at 3397 Cesford Grange, Keswick, Virginia 22947, subject to the lien of a deed of trust ("the deed of trust") securing the debt of a mortgage loan ("the loan") evidenced by a mortgage note. ("the note ").

4. In all of the actions of Carrington Mortgage averred in this complaint, Carrington acted as a debt collector within the meaning of the federal Fair Debt Collection Practices Act,

1

MAR 11 2024
RECEIVED & FILED IN OFFICE
Brittany Maynew
Deputy Clerk, Henrico Circuit Court

15 U.S. C. Section 1692 et seq. ("the Fair Debt Collection Practices Act") because of the following:

A. The Fair Debt Collection Practices Act defines a "debt collector" *inter alia*, as follows:

> ... any person who uses .... The mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts ... asserted to be owed or due another

B. All of the letters sent by Carrington Mortgage to Palumbo as recited herein after, stated that Carrington was acting as a "debt collector."

5. On June 29, 2006. Palumbo and his father, Pasquale Palumbo owned the home.

6. On June 29, 2006, Pasquale Palumbo entered into a loan ("the loan") in which he was the borrower and Suntrust Mortgage ("Suntrust") was the lender. The loan was evidenced by a note with a principal amount of $552,000 signed by Pasquale Palumbo. The note was secured by a deed of trust ("the deed of trust"), signed by Palumbo and Pasquale Palumbo. The deed of trust was recorded in the Clerk's Office of the Circuit Court of Albemarle County, Virginia in Deed Book 3240 at Pages 706-730. The deed of trust appointed Jackie Miller as trustee and became a lien on the home.

7. The first two sentences of paragraph 2 of the note provided the following:

> I will make a payment consisting only of the interest due on the unpaid principal balance of this Note beginning on the first day of August 2006 and on the first day of each month thereafter until the first day of July 2016. Thereafter, I will pay principal and interest by making a payment every monthly as provided below.

8. On October 25, 2006, Pasquale Palumbo died. As a result, Palumbo became sole owner of the home.

9. In 2007, Palumbo and Suntrust entered into a written agreement whereby Palumbo assumed liability for payment of the note.

2

10. On January 4, 2013 Palumbo signed and on January 11, 2013, Suntrust signed an agreement ("the extension agreement") bearing a date of December 27, 2012 titled "Payment Extension Agreement." The extension agreement stated in pertinent part, the following:

> Beginning on FEBRUARY 1, 2013 the borrower promises to make monthly payments in the amount of interest and escrow of U.S. $2,122.19. The escrow portion of the monthly payment amount may change on an annual basis depending on the total amount required to pay all Escrow items as described in Paragraph 8.

11. Paragraph 8 of the extension agreement set forth usual language regarding calculation of escrow payments.

12. The effect of the extension agreement, included, inter alia, amendment of the note to remove the provision in the note that payments on principal would begin on August 1, 2016 and to provide instead for payments of interest and escrow only until July 1, 2036 when the entire amount due on the note will become payable as a balloon payment.

13. The effect of the extension agreement also included (a) forgiveness of $14,676.66 in delinquent interest; and (b) deferral until July 1, 2036 of $13,292.28 in additional delinquent payments consisting of (i) $6,826.35 in delinquent interest; (ii) Escrow Advances of $6,375.93; and (iii) recoverable corporate advances of $90.00.

14. As a result of the extension agreement Palumbo's monthly payment until July 1, 2036 became $2,122.19 adjustable only on the basis of change in the escrow payment based on changes in real estate taxes on the home and casualty insurance on the home.

15. In 2016, Palumbo fell into arrears on the note, but, through payment of a large amount, brought the loan current.

16. Although the extension agreement provided for payments limited to interest and escrow until July 1, 2026, Suntrust attempted to impose the addition of principal payments effective August 1, 2016, disregarding the change in the terms of the note signed by Palumbo and Suntrust and attempted to impose the requirement of payments on principal beginning August 1, 2016 even though the extension agreement amended the note to remove the requirement for the borrower to make payments on principal prior to the balloon note due on July 1, 2036.

17. Because Suntrust attempted to impose a duty of principal payments on the note effective August 1, 2016, Suntrust's records, on a monthly basis inflated the monthly amount due on the note of well over $1,000 per month.

18. Carrington Mortgage sent notices to Palumbo grossly inflating amounts due on the loan and amount of monthly payments.

19. In sending such notices, Carrington Mortgage breached the terms of 15 U.S.C. Section 1692 (e) stating, in pertinent part –

> A debt collector may not use any ... misleading representation... in connection with the collection of any debt...."

20. The statutory language cited in paragraph 19 of this complaint meant that Carrington Mortgage was prevented from any misleading representation in its monthly statements of the amounts due on the note.

21. The said notices were misleading because they all overstated the amount of monthly payments due and the amount of arrearage due. The erroneous information in such notices was caused by the lending record mistakes recited herein above in this complaint.

22. For the reasons set forth herein above, in sending the aforesaid notices, Carrington Mortgage breached the Fair Debt Collection Practices Act.

23. As set forth in paragraph 22 of this complaint, Carrington Mortgage sent multiple misleading notices and, therefore, in sending such notices, breached the Fair Debt Collection Practices Act repeatedly.

24. The aforesaid breaches by Carrington Mortgage have continued despite prior litigation by Palumbo, and despite payment by Palumbo of a good faith $75,000 payment by Palumbo in connection with a loan modification agreement.

25. In addition to the breaches set forth herein above, Carrington Mortgage breached the Fair Debt Collection Practices Act by claiming in correspondence to Palumbo that the note has a floating rate, which if true would mean more payment by Palumbo due on the loan modification that the actual fixed rate of 3% per annum set forth in the loan modification.

26. In addition to the breaches set forth herein above, Carrington Mortgage breached the Fair Debt Collection Practices Act by refusing timely payments made by Palumbo on the basis of the loan modification.

27. The parties entered into a settlement, which was breached by breaches recited herein above.

28. Because of the said breaches, Palumbo was required to retain legal counsel (his counsel of record in this case) and pay a fee to such lawyer, for which, in part, Palumbo's lawyer did work to comply with a provision in the settlement requiring a request for mediation (to which Carrington Mortgage did not agree to mediation).

29. An example of the breaches of the Fair Debt Collection Practices Act is a notice to Palumbo dated January 3, 2024 copy of which is attached to this complaint as "Exhibit A,

30. Carrington Mortgage's aforesaid breaches of the Fair Debt Collection Practices Act have been willful, wrongful, oppressive, and so lacking in consideration for Palumbo's rights as to be legally malicious, although not based on actual ill will.

31. As a proximate result of Carrington Mortgage's said breaches of the Fair Debt Collection Practices Act, Palumbo sustained and will sustain the following damages:

    A. He has paid lawyer expenses.

    B. He has lost and will lose the interest on his damages recited in subsection A of this paragraph of this complaint.

    C. He sustained considerable distress, including but not limited to the following: (i) he lost sleep; (ii) he was depressed; (iii) he was worried; (iii) he sustained frustration; (v) he sustained problems in concentration; (vi) he had a sense of being subjected to injustice; and (vii) he lost the normal enjoyments of daily life.

    D. As a proximate result of the said breaches recited herein above in this Count of this complaint, for an indeterminate time in the future, Palumbo will continue to sustain emotional distress.

32. As a result of the facts set forth herein above, Palumbo is entitled to entry of a judgment in his favor against Carrington Shellpoint for actual damages (including for emotional distress); statutory damages; punitive damages; and attorney's fees for the preparation and maintenance of this complaint.

### I. Call for Trial By Jury

33. Palumbo calls for trial by jury.

## II. Conclusion

Wherefore, Palumbo prays that the Court enter a judgment in his favor against Carrington Mortgage for statutory damages of $1,000, compensatory damages (including for emotional distress), of $200,000, punitive damages of $350,000 and for attorney's fees.

Respectfully submitted,

**THOMAS M. PALUMBO,**

By /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Thomas M. Palumbo*

**V I R G I N I A :**

IN THE CIRCUIT COURT FOR HENRICO COUNTY, VIRGINIA

| | |
|---|---|
| THOMAS M. PALUMBO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CL24001669-00 |
| CARRINGTON MORTGAGE SERVICES, LLC, | ) |
| Defendant. | ) |

**CONSENT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**

Defendant, Carrington Mortgage Services, LLC ("CMS" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 1:8 of the Rules of the Supreme Court of Virginia, and with the consent of counsel for Plaintiff, Thomas M. Palumbo ("Plaintiff"), moves for a fourteen (14) day extension of time up through and including April 16, 2024, to serve its response to the Complaint filed by the Plaintiff. In support thereof, Defendant states as follows:

1. On February 22, 2024, Plaintiff filed the Complaint in this matter.

2. CMS was served on March 12, 2024, and thus, the current deadline for CMS to file responsive pleadings is April 2, 2024.

3. Additional time is needed to answer or otherwise respond to the Complaint.

4. Prior to filing this motion, Counsel for CMS conferred with Plaintiff's Counsel and was able to obtain Plaintiff's consent to the requested extension.

5. CMS submits that no party will be unfairly prejudiced by this motion and that the requested extension is reasonable and in the interest of judicial economy.

6. Further, CMS submits that this motion is made in good faith and not for purposes of delay.

1

7.    CMS therefore respectfully requests a 14-day enlargement of time, through and including April 16, 2024, to answer or otherwise respond to the Complaint.

WHEREFORE, for the foregoing reasons, Defendant, Carrington Mortgage Services, LLC, respectfully requests that the Court grant this Motion to extend the time to answer or respond to the Complaint, up to and including April 16, 2024, and grant such further relief as the Court deems just and proper.

Dated: April 1, 2024

Respectfully Submitted,
**CARRINGTON MORTGAGE SERVICES, LLC**,
*By Counsel*

/s/ *Alyssa L. Szymczyk*
Alexander R. Green, Esq. (VSB No. 83937)
Alyssa L. Szymczyk, Esq. (VSB No. 89816)
MCGLINCHEY STAFFORD PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9944
Fax: (202) 380-0885
agreen@mcglinchey.com
aszymczyk@mcglinchey.com

*Counsel for Defendant Carrington Mortgage Services, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2024, the foregoing document was sent via first-class mail, postage prepaid, to the following:

Henry W. McLaughlin
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
*Counsel for Plaintiff*

/s/ *Alyssa L. Szymczyk*
Alyssa L. Szymczyk, Esq. (VSB No. 89816)

**V I R G I N I A :**

## IN THE CIRCUIT COURT FOR HENRICO COUNTY, VIRGINIA

| | |
|---|---|
| THOMAS M. PALUMBO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CL24001669-00 |
| CARRINGTON MORTGAGE SERVICES, LLC, | ) |
| Defendant. | ) |

## ORDER

In consideration of Defendant's, Carrington Mortgage Services, LLC ("CMS" or "Defendant"), Consent Motion to Extend Time to Respond to Complaint ("Motion"), it is this _____ day of _____, 2024, hereby

**ORDERED** that CMS's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that CMS shall file an answer, move, or otherwise respond to the Complaint filed in this matter on or before April 16, 2024.

_____
Judge

3